IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OLMAN GOMEZ, ) | |
| ) | CIVIL ACTION NO. |
| ) | |
| *Plaintiff*, ) | JUDGE |
| v. ) | |
| ) | MAG. JUDGE |
| CITYSIDE PROPERTIES, LLC, ) | |
| 3CG, LLC, and ANTHONY GROSCH, ) | |
| ) | |
| ) | |
| *Defendants*. ) | |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Olman Gomez, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Complaint against Defendants Cityside Properties, LLC, 3CG, LLC, and Anthony Grosch.

**NATURE OF THE ACTION**

1. This is an action by Olman Gomez ("Plaintiff") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Defendants Cityside Properties, LLC, 3CG, LLC, and Anthony Grosch ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

**JURISDICTION**

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Olman Gomez

5. Plaintiff is a resident of Louisiana.

6. Plaintiff worked for Defendants in the Greater New Orleans Area of Louisiana.

7. Plaintiff worked as a general construction worker. In connection therewith Plaintiff performed manual labor.

8. Defendants paid Plaintiff $15.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $15.00 per hour.

9. At all relevant times, Plaintiff was an "employee" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Cityside Properties, LLC

10. Defendant Cityside Properties, LLC ("Cityside") is a limited liability company organized under the laws of Louisiana with its principal place of business in Gretna, Louisiana.

11. Cityside is in the business of buying and remodeling properties to sell at a profit in the Greater New Orleans area.

12. Cityside supervised the day to day work activities of the Plaintiffs.

13. Cityside determined Plaintiff's work schedule for the employment at issue herein.

14. Cityside maintains an employment file for the Plaintiff.

15. Cityside is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. Cityside is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant 3CG, LLC

17. Defendant 3CG, LLC ("3CG") is a limited liability company organized under the laws of Louisiana with its principal place of business in Gretna, Louisiana.

18. 3CG is in the business of buying and remodeling properties to sell at a profit in the Greater New Orleans area.

19. 3CG supervised the day to day work activities of the Plaintiffs.

20. 3CG determined Plaintiff's work schedule for the employment at issue herein.

21. 3CG maintains an employment file for the Plaintiff.

22. 3CG is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23. 3CG is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Anthony Grosch

24. Defendant Anthony Grosch is an owner of Defendant Cityside and the owner of Defendant 3CG.

25. At all pertinent times herein Defendant Anthony Grosch had the authority to hire and fire Cityside and 3CG employees, including the Plaintiff herein.

26. At all pertinent times herein Defendant Anthony maintained executive authority over the jobs Cityside and 3CG employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

27. Defendants are in the business of buying and remodeling properties to sell at a profit in the Greater New Orleans area. In connection therewith, Defendants hired Plaintiff to perform general construction labor.

28. Plaintiff normally worked more than (40) hours a week for the Defendants.

29. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

30. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime

31. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff one-and-a-half times his regular rate for all hours worked in excess of forty in a workweek.

33. As a consequence of Defendants' FLSA violations, Plaintiff is entitled to recover his unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

d. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

June 21, 2016

*Respectfully submitted,*

/s/ Roberto Luis Costales                    /s/ William H. Beaumont
_____     _____
Roberto Luis Costales                        William H. Beaumont
3801 Canal Street, Suite 207                 3801 Canal Street, Suite 207
New Orleans, LA 70119                        New Orleans, LA 70119
Louisiana Bar #33696                         Louisiana Bar #33005
Telephone: (504) 534-5005                    Telephone: (504) 483-8008
Facsimile:  (504) 272-2956                   *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

/s/ Emily A. Westermeier
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*